United States District Court
Southern District of Texas
**ENTERED**
March 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONY L. FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00207 |
| | § | |
| KRYSTAL SIMMONS, and JUSTIN C. SAND-WABLE, | § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Tony L. Franklin, an inmate in the Texas Department of Criminal Justice ("TDCJ"), has filed suit under 42 U.S.C. § 1983 against four TDCJ employees, Defendants Rocky Moore, Krystal Simmons, Justin Sand-Wable, and Dustin Wonders, for conspiring to retaliate against him, retaliating against him, and violating his due process rights. Previously on May 4, 2022, the Court dismissed Defendants Rocky Moore and Dustin Wonders. (Dkt. No. 5). Now pending before the Court is the remaining Defendants' Motion for Summary Judgment. (Dkt. No. 12). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion.

## I.    BACKGROUND[1]

On May 25, 2021, Franklin was housed in his cell in a TDCJ facility. (Dkt. No. 3 at 1, ¶ 4). On the same day, Defendant Krystal Simmons filed a disciplinary charge against

---

[1] Except where noted, this Section contains only undisputed facts, which have been construed in the favor of the nonmovant. *See Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 1774–75, 167 L.Ed.2d 686 (2007).

Franklin for masturbating in public. (*Id.* at 1, ¶ 5). Franklin claims that the charge was false and was filed in retaliation for a grievance Franklin had filed against Simmons's husband, who is also a TDCJ employee. (Dkt. No. 1-5 at 5–7). Defendant Justin C. Sand-Wable, TDCJ Corrections Captain, presided over the disciplinary hearing and found Franklin guilty of the charge. (Dkt. No. 3 at 2, ¶¶ 8, 16). Franklin was denied 45 days of recreation and 60 days of commissary privileges. (Dkt. No. 12-1 at 3). The guilty finding was later overturned through the prison grievance process. (Dkt. No. 1-5 at 9).

Franklin filed suit, alleging that the Defendants conspired to retaliate against him, actually retaliated against him, and denied him due process. (Dkt. No. 3); (Dkt. No. 1-5 at 5–7). The Court *sua sponte* dismissed Defendant Rocky N. Moore, the Unit Warden. (Dkt. No. 5). Defendants Simmons and Sand-Wable now move for summary judgment. (Dkt. No. 12).

## II. LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law, and a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (internal quotation marks and citations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence the movant "believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

2

S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet this initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

If the movant meets this burden, the nonmovant must then come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The nonmovant "must go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (citation omitted). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). The nonmovant's burden "will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little*, 37 F.3d at 1075). But the district court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997) (citation omitted).

## III. DISCUSSION

Defendants argue that summary judgment is proper for four reasons. First, Defendants argue that they are immune from suit under the Eleventh Amendment. (Dkt. No. 12 at 4–6). Second, Defendants argue that they did not violate Franklin's due process rights. (*Id.* at 6–9). Third, Defendants argue that Franklin has failed to state a claim for retaliation. (*Id.* at 9–14). And fourth, Defendants argue that Franklin has failed to state a claim for conspiracy. (*Id.* at 14–16).

### A. ELEVENTH AMENDMENT IMMUNITY

Franklin sues Defendants for monetary and injunctive relief. (Dkt. No. 3 at 3). In their Motion for Summary Judgment, Defendants argue that the Eleventh Amendment bars Franklin from filing suit against Defendants. (Dkt. No. 12 at 4–6). The Eleventh Amendment provides in full that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "Under the Eleventh Amendment, absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." *Cox v. Texas*, 354 Fed. App'x 901, 902 (5th Cir. 2009) (cleaned up); *see also P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 687–88, 121 L.Ed.2d 605 (1993) (citations omitted). The Fifth Circuit has held that the TDCJ is a state agency that enjoys immunity from suit in federal court. *Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 338 n.7 (5th Cir. 1994) ("Under the current state of the law, the TDCJ is deemed an instrumentality of the state operating as its alter ego in carrying out a public function of

4

the state, and is immune from suit under the Eleventh Amendment.")). The Fifth Circuit has further extended this immunity to TDCJ's officers acting in official capacity. *See Aguilar v. TDCJ*, 160 F.3d 1052, 1054 (5th Cir. 1998); *accord Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2002) (noting that the Fifth Circuit has "twice [] held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity). Accordingly, Defendants are entitled to summary judgment on Franklin's claims for monetary relief.

However, Eleventh Amendment immunity does not bar a grant of prospective injunctive relief against state actors in their official capacities. *See e.g., Ex parte Young*, 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908); *see also Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985) (citing *Ex parte Young*, 209 U.S. at 159–60, 28 S.Ct. 411 at 453–54). Defendants argue that since Franklin's claim arises under state law, Eleventh Amendment immunity is still available. (Dkt. No. 12 at 5–6). The Court disagrees. Franklin alleges retaliation for the exercise of his First Amendment rights, *i.e.*, a claim under federal law. (Dkt. No. 3 at 1). Therefore, Franklin's claims for injunctive relief are not barred by the Eleventh Amendment.

   **B.**  **DUE PROCESS**

Franklin also claims that Defendants violated his right to due process in the disciplinary hearing. (*Id.*). The procedural protections of the Due Process Clause are triggered only where there has been a deprivation of life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). Here, because neither Franklin's life nor property interests are at stake, the threshold question is

5

"whether [he] had a liberty interest that the prison action implicated or infringed." *Richardson v. Joslin,* 501 F.3d 415, 418 (5th Cir. 2007) (internal quotation marks and citations omitted).

In *Sandin v. Conner,* the Supreme Court held that the focus of the liberty interest inquiry should be on "the nature of the deprivation . . . ." 515 U.S. 472, 481, 115 S.Ct. 2293, 2299, 132 L.Ed.2d 418 (1995). Such interests for inmates will generally be "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484, 115 S.Ct. at 2300 (internal citations omitted). When Franklin was found guilty in his disciplinary hearing, Franklin was assessed a loss of 45 recreation days and 60 commissary days. (Dkt. No. 12-1 at 3). These penalties do not constitute "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2293; *see also Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that loss of commissary and recreation privileges are "merely changes in the conditions of [] confinement and do not implicate due process concerns"). Franklin, therefore, did not suffer the loss of any protected liberty interest.

### C.  RETALIATION

Franklin alleges that Defendants created a false disciplinary charge and found him guilty of that charge to retaliate against him for filing a grievance against Simmons's husband. (Dkt. No. 1-5). Simmons denies retaliatory motives but offers no evidence in support of her denial and, instead, argues that the Defendants are entitled to qualified immunity. (Dkt. No. 12 at 9–16). In his Response, Franklin argues that the lack of

6

summary judgment evidence, coupled with his account of the events, raises genuine issues of material fact. (Dkt. No. 18 at 8–9). The Court agrees with Franklin.

"To state a valid claim for retaliation under Section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (citation omitted). On causation, an inmate must "be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred. . . . The inmate must provide direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (internal quotation marks and citations omitted).

Here, Franklin alleges that: (1) he filed a grievance against Simmons's husband—a clear exercise of his First Amendment rights, and (2) Simmons then filed a false disciplinary case against him. (Dkt. No. 18 at 8). Franklin claims that Simmons has not established that she would not have taken the same action against him regardless of his filing of a grievance against her husband. (*Id.*). On a motion for summary judgment, where all reasonable inferences must be drawn in favor of the nonmovant, Franklin's allegations are sufficient to plausibly infer retaliation and to raise a genuine issue of material fact.

Defendants also argue that they are entitled to qualified immunity. (Dkt. No. 12 at 15–16). "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder*

7

*v. Holloway*, 510 U.S. 510, 512, 114 S.Ct. 1019, 1021, 127 L.Ed.2d 344 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted) (emphasis in original).

There can be no question that clearly established law dictated that prison officials may not retaliate against an inmate for the inmate's exercise of his First Amendment right to file a grievance. "The law of this circuit is clearly established . . . that a prison official may not retaliate against or harass an inmate . . . for complaining to a supervisor about a guard's misconduct." *Woods*, 60 F.3d at 1164. Defendants are not entitled to qualified immunity and are not entitled to summary judgment on the retaliation claim.

### D.   CONSPIRACY TO RETALIATE

To prove his conspiracy claim, Franklin must show (1) an actual violation of a right protected under Section 1983 and (2) actions taken in concert by the defendants with the intent to violate that right. *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). As discussed above, Franklin has pleaded specific facts setting out a sequence events from which it can reasonably be inferred that Defendants retaliated against him for his exercise of his First Amendment rights. Further, Franklin has alleged specific facts from which a reasonable inference can be drawn that Defendants acted in concert with the intent to retaliate against him. Defendants have not offered any summary judgment evidence indicating

that they are entitled to judgment as a matter of law.  As such, Franklin's allegations are enough to withstand a motion for summary judgment on the conspiracy claim.

## IV.     CONCLUSION

Considering the foregoing analysis, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Summary Judgment, (Dkt. No. 12).  The Court grants summary judgment on all of Franklin's claims except his retaliation and conspiracy to retaliate claims against the Defendants.

It is SO ORDERED.

Signed on March 31, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**